ARTHUR DAY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 654, 2007.
Supreme Court of Delaware.
Submitted: May 2, 2008.
Decided: May 29, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 29th day of May 2008, upon consideration of the appellant's brief pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Arthur Day, was found to have committed a violation of probation ("VOP"). The Superior Court sentenced Day to 11 months of Level V incarceration. This is Day's direct appeal.
(2) Day's counsel on appeal has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c). Day's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Day's counsel informed him of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Day also was informed of his right to supplement his attorney's presentation. Day has not raised any issues for this Court's consideration. The State has responded to the position taken by Day's counsel and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(4) This Court has reviewed the record carefully and has concluded that Day's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Day's counsel has made a conscientious effort to examine the record and the law and has properly determined that Day could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).